UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YACOV TURGEMAN, derivatively on behalf of OREXIGEN THERAPEUTICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL NARACHI, JOSEPH P. HAGAN, HEATHER D. TURNER, ECKARD WEBER, LOUIS C. BOCK, BRIAN H. DOVEY, PATRICK MAHAFFY, PETER K. HONIG, WENDY DIXON, JOSEPH S. LACOB, MICHAEL F. POWELL, AND DANIEL K. TURNER, III, <br><br> Defendants. <br><br> and <br><br> OREXIGEN THERAPEUTICS, INC., <br><br> Nominal defendant. | Civil No. 13cv2959 JAH(MDD) <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DOC. # 27]** |

## INTRODUCTION

Currently pending before this Court is the motion to dismiss plaintiff's verified shareholder derivative complaint filed by defendants Michael A. Narachi, Heather D. Turner, Joseph P. Hagan and nominal defendant Orexigen Therapeutics, Inc. (collectively "defendants."). The motion has been fully briefed by the parties. After a careful consideration of the pleadings and relevant exhibits submitted, and for the reasons set

forth below, this Court GRANTS defendants' motion and DISMISSES the complaint without prejudice.

## BACKGROUND

On December 9, 2013, plaintiff Yacov Turgeman ("plaintiff") filed this lawsuit on behalf of nominal defendant Orexigen Therapeutics, Inc. ("Orexigen"), a biopharmaceutical company headquartered in La Jolla, California, after Orexigen's Board of Directors ("the Board") refused to rescind certain shares of stock options that the Board granted to company insiders in 2011, in excess of what was permitted by Section 3.3 of the Orexigen shareholder-approved 2007 Equity Incentive Award Plan ("the Plan"). Prior to filing the instant complaint, plaintiff made a demand on the Board seeking to rectify the awarding of excess shares. The Board appointed a Demand Review Committee ("DRC"), and after being advised of the DRC's findings, the Board amended the Plan to provide that the limit set forth in Section 3.3 be based on qualified performance-based compensation and any amount awarded in excess of the limit be deemed non-performance-based compensation. The amendment was made retroactive to the date of the awarding of the shares in question, rendering plaintiff's demand no longer viable. Plaintiff alleges the Board wrongfully denied his demand and brought suit.

On July 23, 2014, defendants Michael A. Narachi, Heather D. Turner, Joseph P. Hagen and nominal defendant Orexigen (collectively "defendants"), filed, in lieu of an answer, the instant motion to dismiss. After the motion was fully briefed, this Court took the motion under submission without oral argument. *See* CivLR 7.1(d.1).

//
//
//
//
//
//
//

# DISCUSSION

Defendants move to dismiss the instant complaint on the grounds that plaintiff lacks standing to bring suit.[1]

## 1.     Legal Standard

A shareholder derivative suit is an equitable remedy whereby a shareholder asserts on behalf of the corporation a claim belonging to the corporation. Aronson v. Lewis, 473 A.2d 805, 811 (Del. 1984), *overruled on other grounds*, Brehm v. Eisner, 746 A.2d 244 (Del. 2000). Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, which governs shareholder derivative suits, a shareholder must state with particularity "any effort by the plaintiff to obtain the desired action from the directors" and "the reasons for not obtaining the action or not making the effort." Fed.R.Civ.P. 23.1. Delaware law, coupled with the Federal Rules of Civil Procedure, require that a shareholder plaintiff make a pre-suit demand on the board before pursuing a shareholder derivative lawsuit on behalf of the corporation and present, with particularity, the reasons why the corporation wrongly refused to act. Fed. R. Civ. P. 23.1; Lucas v. Lewis, 428 F.App'x 694, 695-96 (9th Cir. Apr. 15, 2011)(citing, *inter alia*, Grimes v. McDonald, 683 A.2d 1207, 1220 (Del. 1996); *see also* Knopf v. Semel, 2010 WL 965308 *7 (N.D.Cal. Mar. 17, 2010).

Under the business judgment rule, a court cannot substitute its own judgment for that of the board and the board's decision will be upheld unless it cannot be attributed to any rational business purpose. In re Walt Disney Co. Derivative Litig., 906 A.2d 27, 74 (Del. 2006)(*en banc*); Levine, 591 A.2d at 207. There is a presumption under the business judgment rule that a board acted appropriately in response to a shareholder demand. Grimes, 673 A.2d at 1220; Scattered Corp. v. Chicago Stock Exch., Inc., 701 A.2d 70, 73 (Del. 1997); Knopf, 2010 WL 965308 at *7. In order to overcome the presumption, plaintiff must allege particularized facts that create a reasonable doubt the directors acted appropriately with regard to plaintiff's demand. *See* Levine v. Smith, 591 A.2d 194, 212

---

[1] Defendants also move to dismiss on the grounds that plaintiff's claims are moot and the complaint fails to state a claim for relief. Because this Court finds plaintiff lacks standing to bring suit, this Court does not address these additional grounds for dismissal.

(Del. 1991), *overruled on other grounds,* Brehm, 746 A.2d 244; Copeland v. Lane, 2012 WL 4845636 *8 (N.D.Cal. Oct. 10, 2012).

A board's decision will not be disturbed unless the directors are determined to be interested or lack independence relative to the decision, act in bad faith or in a manner not attributable to a rational business purpose, or were grossly negligent in reaching the decision. Brehm, 746 A.2d at 264 n.66. However, "[a] shareholder who makes a demand concedes the disinterestedness and independence of a majority of the board to respond to the demand and waives any claim that demand is excused." Furman v. Walton, 2007 WL 1455904 *4 (N.D.Cal. May 16, 2007)(citing Grimes, 673 A.2d at 1219-20; Rales v. Blasbund, 634 A.2d 927, 935 n.12 (Del. 1993)).

"Where a shareholder's complaint is predicated on the wrongful refusal of [his] demand, the only issue for the trial court to determine is the application of the business judgment rule to the board's refusal of the shareholder's demand." Copeland, 2012 WL 4845636 at *5. Thus, the relevant question here "is whether the directors acted in an informed manner and with due care, and in a good faith belief that their action was in the best interest of the corporation." Id. (citing Levine, 591 A.2d at 198).

**2.    Analysis**

Defendants contend that plaintiff's allegations lack any factual content, let alone any particularized facts, which might cast doubt on the process or the due care exercised by the Board or the DRC, nor does it contain sufficient particularized facts regarding any specific director or member of the DRC to support his claim that the Board did not act in the best interests of the corporation and its shareholders. *See* Doc. # 27 at 11-13.

In opposition, plaintiff does not directly address defendants' contentions but, instead, focuses on the merits of the challenged grant of stock options. *See* Doc. # 31 at 7-14. Plaintiff claims that the stock option awards were improper and the Board's refusal of his demand was not protected by the business judgment rule but does not present facts supporting these conclusions. *See* id. In addition, plaintiff claims the Board's refusal of his demand was improperly based on an incorrect interpretation of the 2007

Equity Plan. *See* id. at 9-11. Plaintiff also requests that, if the Court grant defendants' motion, leave to amend be given. Id. at 21.

Defendants, in reply, point out that, under Delaware law, the wisdom of the Board's underlying decision is irrelevant because only the Board's independence and process are relevant. Doc. # 39 at 3 (citing Spiegel v. Buntrock, 571 A.2d 767, 777 (Del. 1990)("[W]hen a board refuses a demand, the only issues to be examined are the good faith and reasonableness of its investigation. Absent an abuse of discretion ... the directors' decision not to pursue the derivative claim will be respected by the courts.")).

This Court agrees with defendants. This Court's review of the record reflects plaintiff's complaint lacks sufficient particularized facts that raise a reasonable doubt about the good faith and due care of the investigation into plaintiff's demand. Although the complaint contains two paragraphs that appear to address the Board's actions, the paragraphs contain no particularized facts to support plaintiff's conclusions concerning the actions of the Board toward plaintiff's demand. Thus, the complaint fails to allege facts that rebut the business judgment rule and fails to sufficiently plead facts supporting plaintiff's claim that his demand was wrongfully refused. Because it is not clear the pleading could not possibly be cured by the allegation of other facts, this Court finds plaintiff's request for leave to amend should be granted. *See* Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). Accordingly, defendants' motion to dismiss plaintiff's complaint for lack of standing is **GRANTED** without prejudice and with leave to amend.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that defendants' motion to dismiss [doc. # 31] is **GRANTED** and the instant complaint is **DISMISSED without prejudice and with leave to amend.** Plaintiff may file an amended complaint that cures the deficiencies outlined herein within thirty (30) days of the date this Order is filed.

Dated: March 9, 2015

JOHN A. HOUSTON
United States District Judge